**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

REGINALD SMITH,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 06-CR-20659
CIVIL CASE NO. 10-CV-13964

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 42)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

It is further recommended that the following pending motions filed by Petitioner be denied as moot:

- Motion for Leave to File Interrogatories (Doc. 44)
- Motion for Evidentiary Hearing (Doc. 46)
- Motion to Amend Motion to Vacate Sentence (Doc. 48)[1]
- Motion for Extension of Time to File Reply (Doc. 54)[2]
- Motion for Leave to File Supplement (Doc. 58)[3]

---

[1] This document was considered in making the recommendations herein and is not directed at amending the Petition but is rather a supplement to Petitioner's arguments regarding whether his state court conviction of assault with a dangerous weapon is a violent felony under the ACCA.

[2] This motion is moot because Petitioner filed his reply on January 24, 2011. (Doc. 55.)

[3] This document was considered in making the recommendations herein.

## II.   REPORT

### A.   Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington (Doc. 23), is the above-entitled motion filed pursuant to 28 U.S.C. § 2255 to vacate Petitioner Reginald Smith's federal custodial sentence. (Doc. 42.) Respondent submitted a response (Doc. 53) and Petitioner Smith (hereafter "Smith") filed a reply on January 24, 2011. (Doc. 55.) I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B.   Background and Parties' Arguments

The facts are largely undisputed. Smith was charged in an eleven-count indictment with: possession with intent to distribute less than 100 grams of a mixture containing heroin in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute less than 500 grams of a mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession with intent to distribute less than 100 grams of a mixture containing heroin in violation of 21 U.S.C. § 841(a)(1) (Count 3); possession with intent to distribute less than 500 grams of a mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4); possession with intent to distribute a quantity of a mixture containing morphine in violation of 21 U.S.C. § 841(a)(1) (Count 5); possession with intent to distribute a quantity of a mixture containing dihydrocodeinone in violation of 21 U.S.C. § 841(a)(1) (Count 6); possession with intent to distribute a quantity of a mixture containing diazepam in violation of 21 U.S.C. § 841(a)(1) (Count 7); possession of a mixture containing marijuana in violation of 21 U.S.C. § 844(a) (Count 8); opening, using, and maintaining a residence for the purpose of manufacturing, distributing and using controlled substances in violation of 21 U.S.C. § 856(a)(1) (Count 9); possession of a firearm in furtherance

of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 10); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 11).

On January 5, 2007, the government filed a Notice of Penalty Enhancement pursuant to 21 U.S.C. § 851 based on Smith's prior felony drug convictions. (Doc. 9.) On January 18, 2007, the government filed a notice specifying Smith as a career offender based on Smith's two prior violent or controlled substance felony convictions, i.e., an April 21, 1989, conviction for delivery of less than 50 grams of cocaine in Saginaw County, Michigan, and an October 4, 2001, conviction for assault with a dangerous weapon, also in Saginaw County. (Doc. 12 at 2.) Defense counsel filed a motion to suppress on April 27, 2007 (Doc. 18), and that motion was denied on July 20, 2007. (Doc. 23.) Pursuant to a plea agreement, Smith pleaded guilty on September 14, 2007, to Count 3 and all other charges were dismissed. (Doc. 27, Rule 11 Agreement.)

The plea agreement indicated that the substance possessed in Count 3 was heroin and that Smith intended on distributing at least a portion of the heroin he possessed at that time and place. (Doc. 27 at 2.) The plea agreement also contained a stipulation that "defendant is a career offender under the provisions of § 4B1.1." (*Id*. at 2.) The plea agreement also stated that the guideline range was not disputed and that it was 188 to 235 months. (*Id*. at 3.) Finally, the agreement provided that if Smith's sentence fell within the guideline range of 188 to 235 months, Smith waived "any right to appeal his conviction." (*Id*. at 6.)

Defense counsel moved for a downward departure on December 19, 2007. (Doc. 29.) On December 20, 2007, Smith was sentenced to a term of 200 months. (Doc. 30 at 2.) Smith filed a Notice of Appeal on January 1, 2008 (Doc. 31), and on July 1, 2009, the Sixth Circuit issued an opinion denying Smith's appeal and affirming the judgment of the district court. (Doc. 40.) The Sixth Circuit held that Smith had waived appellate review of the district court's determination that

he was a career offender because Smith had stipulated to the same in the Rule 11 plea agreement. (*Id*. at 3.) The Sixth Circuit also that found Smith's sentence was reasonable. (*Id*. at 3-7.)

Smith raises six grounds for relief in his 2255 motion: (1) trial counsel was ineffective for failing to object to the inclusion of the identity of the controlled substance as an element in the indictment because it is only "surplusage" and because counsel "failed [] in understanding that a sentencing factor cannot be transformed into an element by the government or the court at will" (Doc. 42 at 21, 24);[4] (2) trial counsel was ineffective for "misadvising him that the identity of the controlled substance was not a 'critical element' of 21 U.S.C. § 841(a)(1) that he had a right to a jury of his peers beyond a reasonable doubt, instead of it being a mere sentencing factor to be judicially determined by a mere preponderance of the evidence (Doc. 42 at 24); (3) trial counsel was ineffective at sentencing for failing to require the government to prove that the Michigan state assault and drug charges qualify as predicate offenses for enhancement under the career offender provisions (*id*. at 26-28); (4) trial counsel was ineffective for failing to argue that "Michigan State's assault statute does not have an intent element in it . . . [and] cannot qualify as a predicate for enhancement (*id*. at 29); (5) trial counsel was ineffective for "misadvising him that his prior Michigan drug charge did not have to actually and necessarily rest on the identity of the controlled substance in order to qualify as a 'controlled substance offense' before he pled guilty" (*id*. at 29-30); (6) trial counsel was "ineffective for not objecting to the Court sentencing him to more than one year on count three, when he never knowingly, voluntarily or intentionally waived any of his constitutional or statutory rights to have the identity of the controlled substance determined beyond a reasonable doubt." (*Id*. at 31.) Smith does not claim factual innocence regarding the conviction.

---

[4]Smith explains that he "is not claiming that the indictment did not contain a particular drug type on it. No, he maintains that the identification of the controlled substance is not an element of § 841(a) and was only surplusage that could have been objected to." (Doc. 42 at 23.)

4

The government contends that defense counsel's performance was not ineffective and that even if it were, Smith cannot show prejudice under the *Strickland* test. (Doc. 53 at 3-7.) With regard to the career offender issue, the government argues that (1) review of the issue is precluded because it was argued on direct appeal; (2) Smith waived the issue by admitting to it in the plea agreement; and (3) even if it were addressed on the merits, Smith cannot show prejudice or actual innocence to substantiate his claim. (Doc. 53 at 7-9.)

**C.     Governing Law**

In order to prevail on a motion brought under 42 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance

was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

**D.     Analysis**

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**1.     Grounds Relating to the Indictment**

In grounds 1, 2 and 6 of his 2255 motion, Smith alleges that his counsel was ineffective for various reasons having to do with the form of the indictment. Smith's arguments appear to be at odds with one another. On the one hand, it looks as if Smith is complaining that the identity of the controlled substance (heroin) should not have been included in the indictment because it is not an element of the crime (Ground 1); on the other hand, it appears Smith complains that the identity of the controlled substance (heroin) was a "critical element" that should have been determined by a jury rather than by a judge at sentencing (Ground 2). (Doc. 42 at 21, 24.) In addition, Smith contends that he never waived any constitutional or statutory rights to have the identity of the controlled substance determined beyond a reasonable doubt (Ground 6). (Doc. 42 at 31.)

It appears that Smith is attempting to argue that the identity of the controlled substance was surplusage or that it was an essential element of the offense charged that should have been determined by the jury, rather than as a sentencing factor, i.e., an *Apprendi* violation. I suggest that neither of Smith's seemingly contradictory arguments entitle him to relief.

**a.     Surplusage - Ground 1**

Under Rule 7(d) of the Federal Rules of Criminal Procedure, the court may strike surplusage from the indictment or information. "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 394-95 (6th Cir. 2001). The Advisory Committee notes to the rule explain that "[t]his rule

7

introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974).

Language is "unduly prejudicial if the language 'serve[s] only to inflame the jury, confuse[s] the issues, and blur[s] the elements necessary for conviction[.]'" *United States v. Prejean*, 429 F. Supp. 2d 782, 796 (E.D. La. 2006) (finding description of "street" uses of drugs not inflammatory, confusing or prejudicial) (quoting *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)). A

> court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial. Logic demands the conjunctive standard: information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.

*United States v. Hedgepeth*, 434 F.3d 609, 612 (3rd Cir. 2006). Therefore, "'if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 558, 562 n.2 (6th Cir. 1989)).

In the instant case, I suggest that inclusion of the identity or type of controlled substance possessed with intent to distribute was relevant, especially where, as here, there are multiple counts and various types of controlled substances involved. I therefore suggest that counsel was not ineffective for failing to object to the inclusion of the identity of the controlled substance possessed in each of the relevant counts of the indictment.

8

**b.** *Apprendi* **- Grounds 2 and 6**

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Nevertheless, the Court explained that "nothing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment within the range prescribed by statute." *Id.* at 481.

In the instant case, as indicated in the Rule 11 plea agreement, Smith pleaded guilty to Count 3, possession with intent to distribute less than 100 grams of a mixture containing heroin in violation of 21 U.S.C. § 841(a)(1), and the agreement provided that if Smith's sentence fell within the guideline range of 188 to 235 months, Smith waived "any right to appeal his conviction." (Doc. 27 at 6.) On December 20, 2007, Smith was sentenced to a term of 200 months. (Doc. 30 at 2.) Since Smith's sentence fell well within, indeed at the lower end, of the guideline range, I suggest that no *Apprendi* violation occurred. I further suggest that counsel could not have been ineffective for failing to raise the issue.

**2.     Grounds Relating to the Career Offender Status (Counts 3, 4, and 5)**

In grounds 3, 4 and 5 of his 2255 motion, Smith contends that his counsel was ineffective at sentencing for failing to object to use of the Michigan assault and drug charges as predicate offenses for enhancement under the career offender provisions. (Doc. 42 at 26-28.) Respondent contends that since Smith raised the issue on direct appeal, review of this claim is precluded and, even if it were not, Smith was not prejudiced. (Doc. 53 at 7-9.) Smith notes in his motion to

9

supplement that the Sixth Circuit did not address his career offender claim on the merits but rather found that he waived the issue in the Rule 11 plea agreement. (Doc. 58 at 2.) I suggest that even if the merits of this claim are addressed, Smith was properly sentenced as a career offender.

In harmony with the Armed Career Criminal Act ("ACCA") provision in 18 U.S.C. § 924(e)(2)(B), the sentencing guidelines provide that a defendant is considered a career offender

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1. "The sentencing guidelines define 'a crime of violence,' for purposes of sentencing enhancement of career offenders, as a felony that (1) 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' or (2)(a) 'is burglary of a dwelling, arson, or extortion, involves use of explosives' or (b) 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *United States v. Mosley*, 575 F.3d 603, 605 (6th Cir. 2009) (remanding because resisting and obstructing under Michigan law contains categories of crimes, e.g., obstructing by knowingly failing to comply with a lawful command, that are not crimes of violence).

The United States Supreme Court has recently held that "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, ___U.S.___, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). A "controlled substance offense" is  one that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance [] or the possession of a controlled substance [] with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b). "Two prior felony convictions" means that a defendant "committed the instant offense of conviction subsequent to

10

sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" as defined above. U.S.S.G. § 4B1.2(c).

Smith contends that counsel was ineffective for "not moving the court to hold the government to its burden of proof, that the Michigan State assault and drug charges qualify as predicates for enhancement using *Taylor*'s formal categorical approach that examines the elements of the prior convictions, instead of enhancing the Petitioner's sentencing range based on the titles of the prior convictions." (Doc. 42 at 26.)

In *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), the Supreme Court adopted a categorical approach for determining whether a defendant is subject to an enhanced penalty under the ACCA. Under the categorical approach, courts should generally consider only the fact of conviction and the statutory definition of the prior offense and should not consider the particular facts underlying the conviction when determining whether a defendant has committed a violent felony. *Id.* at 600-01. Where "the state statute defines the crime more broadly than the generic offense, however, a modified categorical approach applies . . . [whereby] the court may look beyond the statute and the fact of conviction to the indictment or information and jury instructions . . . [but] the court still may not consider the details of the defendant's crime." *United States v. Soto-Sanchez*, 623 F.3d 317, 320 (6th Cir. 2010).

Under Michigan law, the elements of assault with a dangerous weapon are "(1) an assault, (2) with a dangerous weapon, and (3) with intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v. Avant*, 597 N.W.2d 864, 869 (Mich. Ct. App. 1999). I suggest that one need look no further than the elements of this crime to determine that Smith's conviction for assault with a dangerous weapon is a crime of violence for purposes of the ACCA. In addition, I suggest that Smith's conviction for delivery of less than 50 grams of cocaine

11

was properly considered a controlled substance offense under *Taylor*. Therefore, I suggest that Smith was properly sentenced as a career offender under *Taylor's* categorical approach and that counsel was not ineffective for failing to raise this issue.

### E. Conclusion

I therefore suggest that Smith has not alleged any claims that could support a finding that his trial counsel was ineffective or that could show that the district court proceedings were fundamentally unfair or unreliable. Accordingly, I suggest that Smith's 2255 motion be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: March 7, 2011                         United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on all attorneys of record via the Court's CM/ECF system and served on the following non-ECF participant via the United States Postal Service: Reginald Smith #40773-039, Allenwood Low FCI, P.O. Box 1000, White Deer, PA 17887.

Date:  March 7, 2011			By	s/*Patricia T. Morris*
						Law Clerk to Magistrate Judge Binder