UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD SMITH,

       Petitioner,                       Criminal Number 06-20659
                                               Civil Number 10-13964
v.                                       Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

       Respondent.
_____/

**ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE
SENTENCE PURSUANT TO 28 U.S.C. § 2255, DENYING PETITIONER'S MOTION
FOR EVIDENTIARY HEARING, AND DENYING REMAINING PENDING MOTIONS
AS MOOT**

Petitioner Reginald Smith ("Petitioner") was charged in an eleven-count indictment with:
possession with intent to distribute less than 100 grams of a mixture containing heroin in violation
of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute less than 500 grams of a
mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession with intent
to distribute less than 100 grams of a mixture containing heroin in violation of 21 U.S.C. § 841(a)(1)
(Count 3); possession with intent to distribute less than 500 grams of a mixture containing cocaine
in violation of 21 U.S.C. § 841(a)(1) (Count 4); possession with intent to distribute a quantity of a
mixture containing morphine in violation of 21 U.S.C. § 841(a)(1) (Count 5); possession with intent
to distribute a quantity of a mixture containing dihydrocodeinone in violation of 21 U.S.C. §
841(a)(1) (Count 6); possession with intent to distribute a quantity of a mixture containing diazepam
in violation of 21 U.S.C. § 841(a)(1) (Count 7); possession of a mixture containing marijuana in
violation of 21 U.S.C. § 844(a) (Count 8); opening, using, and maintaining a residence for the
purpose of manufacturing, distributing and using controlled substances in violation of 21 U.S.C. §

856(a)(1) (Count 9); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 10); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 11).

On January 5, 2007, the government filed a Notice of Penalty Enhancement pursuant to 21 U.S.C. § 851 based on Petitioner's prior felony drug convictions. ECF No. 9. On January 18, 2007, the government filed a notice identifying Petitioner as a career offender based on Petitioner's two prior violent or controlled substance felony convictions, i.e., an April 21, 1989, conviction for delivery of less than 50 grams of cocaine in Saginaw County, Michigan, and an October 4, 2001, conviction for assault with a dangerous weapon, also in Saginaw County. ECF No. 12 at 2. Defense counsel filed a motion to suppress on April 27, 2007 (ECF No. 18), and that motion was denied on July 20, 2007 (ECF No. 23). Pursuant to a plea agreement, Petitioner pleaded guilty on September 14, 2007, to Count 3 and all other charges were dismissed. ECF No. 27.  The Court accepted the plea and took the Rule 11 agreement under advisement.

The plea agreement indicated that the substance possessed in Count 3 was heroin and that Petitioner intended on distributing at least a portion of the heroin he possessed at that time and place. ECF No. 27 at 2. The plea agreement also contained a stipulation that "defendant is a career offender under the provisions of § 4B1.1." *Id.* at 2. The plea agreement provided that the guideline range was not disputed and that it was 188 to 235 months. *Id.* at 3. Finally, the agreement provided that if Petitioner's sentence fell within the guideline range of 188 to 235 months, Petitioner waived "any right to appeal his conviction." *Id.* at 6.

Defense counsel moved for a downward departure on December 19, 2007. ECF No. 29. On December 20, 2007, Petitioner was sentenced to a term of 200 months. ECF No. 30 at 2. Petitioner

filed a Notice of Appeal on January 1, 2008 (ECF No. 31), and on July 1, 2009, the Sixth Circuit

issued an opinion denying Petitioner's appeal and affirming the judgment of the district court. ECF

No. 40. The Sixth Circuit held that Petitioner had waived appellate review of the district court's

determination that he was a career offender because Petitioner had stipulated to the same in the Rule

11 plea agreement.  *Id.* at 3. The Sixth Circuit also concluded that Petitioner's sentence was

reasonable. *Id.* at 3-7.

Petitioner subsequently filed a motion to set aside his conviction and sentence pursuant to

28 U.S.C. § 2255.  ECF No. 42.  In his motion, he raises six grounds for relief: (1) trial counsel was

ineffective for failing to object to the inclusion of the identity of the controlled substance as an

element in the indictment because it is only "surplusage" and because counsel "failed [] in

understanding that a sentencing factor cannot be transformed into an element by the government or

the court at will" (ECF No. 42 at 21, 24); (2) trial counsel was ineffective for "misadvising him that

the identity of the controlled substance was not a 'critical element' of 21 U.S.C. § 841(a)(1) that he

had a right to a jury of his peers beyond a reasonable doubt, instead of it being a mere sentencing

factor to be judicially determined by a mere preponderance of the evidence (ECF No. 42 at 24); (3)

trial counsel was ineffective at sentencing for failing to require the government to prove that the

Michigan state assault and drug charges qualify as predicate offenses for enhancement under the

career offender provisions (*id*. at 26-28); (4) trial counsel was ineffective for failing to argue that

"Michigan State's assault statute does not have an intent element in it . . . [and] cannot qualify as

a predicate for enhancement (*id*. at 29); (5) trial counsel was ineffective for "misadvising him that

his prior Michigan drug charge did not have to actually and necessarily rest on the identity of the

controlled substance in order to qualify as a 'controlled substance offense' before he pled guilty"

-3-

(*id*. at 29- 30); (6) trial counsel was "ineffective for not objecting to the Court sentencing him to more than one year on count three, when he never knowingly, voluntarily or intentionally waived any of his constitutional or statutory rights to have the identity of the controlled substance determined beyond a reasonable doubt." (*Id*. at 31.) Petitioner does not claim factual innocence regarding the conviction.

Petitioner's motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Petitioner's motion on March 7, 2011. ECF No. 591. Judge Binder recommended denying Petitioner's motion because counsel was not ineffective for failing to object to the inclusion of the identity of the controlled substance possessed in each of the relevant counts of the indictment, nor was he ineffective for failing to object to Petitioner's within-guideline sentence. Judge Binder also suggested that Petitioner was properly sentenced as a career offender, and counsel was likewise not ineffective for failing to raise objections to Petitioner's career offender status. Judge Binder also recommended denying Petitioner's other pending motions as moot.

Petitioner filed two objections to Judge Binder's report and recommendation. ECF Nos. 60, 61. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Because there was no error in Judge Binder's analysis, his report and recommendation will be adopted, Petitioner's objections will be overruled, and his motion to vacate his conviction and sentence will be denied.

**I**

In his first filed objection, Petitioner generally requests that the Court make a de novo determination of all six issues raised in his motion to vacate his conviction and sentence, which consists of arguments previously presented in his motion and is not sufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Petitioner also notes a number of factual disagreements he has with Judge Binder's report and recommendation but an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Id.* at 747. However, Petitioner also makes three specific objections in his second filed objection which will be addressed in turn.

**A**

Petitioner first objects to Judge Binder's conclusion that counsel was not ineffective for failing to object to the inclusion of the identity of the controlled substance possessed in each of the relevant counts of the indictment. Petitioner contends that the quantity and identity of the controlled substances identified in the indictment were incorrect and he was prejudiced as a result. Without explanation, Petitioner suggests that *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004) is instructive. In *Combs*, the Sixth Circuit concluded that the third count of the indictment at issue could not have been reasonably construed as charging the defendant with a crime under federal law. The court also concluded that the fourth count had been impermissibly amended by virtue of an incorrect jury instruction. The court reversed the defendant's conviction on those counts. Nothing in *Combs* suggests that the inclusion of the identity of the controlled substances possessed was

-5-

irrelevant or prejudicial, especially because Petitioner's indictment included multiple counts and various types of controlled substances. Petitioner's objection will be overruled.

**B**

Petitioner's second objection is to Judge Binder's conclusion that counsel was not ineffective for failing to object to Petitioner's within-guideline sentence of 200 months. Petitioner argues that his sentence exceeded the guideline maximum of 235 months because he was sentenced to six years of supervised release after he completes his 200 months of incarceration. As noted in Petitioner's plea agreement, his sentencing guideline range for his term of imprisonment was 188-235 months. A term of supervised release follows the term of imprisonment, and is not factored into the sentencing guideline range. ECF No. 27 at 4. Petitioner's Rule 11 plea agreement specifically stated that his sentence of *imprisonment* could not exceed the top of the determined sentencing guideline range, and would be followed by a term of supervised release of no less than six years. *Id.* at 4-5. Judge Binder's conclusion that counsel was not ineffective for failing to object to the within-guidelines sentence was thus appropriate. Petitioner's objection will be overruled.

**C**

Petitioner's third objection is to Judge Binder's conclusion that he was properly sentenced as a career offender under the categorical approach in *Taylor v. United States*, *infra*, and that his counsel was not ineffective for failing to raise this issue at sentencing. First, Petitioner contends that his 2001 felonious assault conviction cannot be used to designate him as a career offender because he only served a forty-eight month term of probation with no term of imprisonment and U.S.S.G. § 4B1.2 defines a crime of violence as any offense under federal or state law, punishable by imprisonment for a term exceeding one year. By virtue of his plea agreement on that offense,

Petitioner contends that he could not have served more than one year of incarceration.

As Judge Binder noted, under *Taylor v. United States*, 495 U.S. 575, 600 (1990), the Court is to look only to the fact that the defendant was convicted of crimes falling within certain categories, and not to the facts underlying the prior conviction. Under this approach, the Court should generally consider only the fact of the conviction and the statutory definition of the offense. *Id.* The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery. *People v. Davis*, 216 Mich. App. 47, 53 (1996). Under *Taylor*'s categorical approach, Judge Binder correctly concluded that Petitioner's conviction for assault with a dangerous weapon is a crime of violence for the purposes of the Armed Career Criminal Act ("ACCA"). Michigan Compiled Laws § 750.82(1) provides that a conviction for felonious assault is punishable by not more than four years in prison. The crime is thus *punishable* by imprisonment for a term exceeding one year; the fact that Petitioner was not sentenced to more than a year of imprisonment does not disqualify the conviction from being considered as a crime of violence for the purposes of a career offender sentencing enhancement.

Petitioner also emphasizes that in his § 2255 motion he argued that there has been an intervening change in law requiring that a prior crime must have been for purposeful violent behavior, and that his felonious assault conviction is thus no longer considered a crime of violence for the purposes of the ACCA. Petitioner contend that he subjectively lacked intent to injure someone in committing the felonious assault. As previously noted, under *Taylor*, the Court is not to consider the facts underlying the prior conviction in determining whether it is a crime of violence for the purposes of the ACCA. The elements of a felonious assault under Michigan law clearly

-7-

provide that an element of the offense is an intent to injure or place the victim in reasonable apprehension of an immediate battery. *Davis*, 216 Mich. App. at 53. Petitioner's counsel was thus not ineffective for failing to raise this issue, and Petitioner's objection will be overruled.

### D

Finally, Petitioner contends that Judge Binder inappropriately declined to address his request for an evidentiary hearing. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the merits of the pending motion. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("[E]videntiary hearings are not required when, as here, the record conclusively shows that petitioner is entitled to no relief.").

### II

Accordingly, it is **ORDERED** that Petitioner's objections (ECF Nos. 60, 61) are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 59) is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate his conviction and sentence pursuant to 42 U.S.C. § 2255 (ECF No. 42) is **DENIED**.

It is further **ORDERED** that Petitioner's motion for an evidentiary hearing (ECF No. 46) is **DENIED**.

It is further **ORDERED** that the remaining pending motions (ECF Nos. 44, 48, 54, and 58) are **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 8, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Reginald Smith, #40773039, FCI Allenwood Low, P.O. Box 1000, White Deer, PA 17887 by first class U.S. mail on May 8, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS