UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v                                            Case No. 06-20659
                                            Honorable Thomas L. Ludington

REGINALD SMITH,

        Defendant.
_____/

**ORDER DENYING MOTION TO REDUCE SENTENCE**

On December 20, 2006, a federal grand jury issued an indictment against Defendant Reginald Smith, charging him with distribution of heroin and cocaine; distribution of morphine, dihydrocodeinone, diazapem, and marijuana; maintenance of a drug house; possession of a firearm in furtherance of drug trafficking; and possession of a firearm with a prior felony conviction. Pursuant to a plea agreement, Petitioner pleaded guilty to one count of distribution of heroin and all other charges were dismissed. ECF No. 27. On December 20, 2007, Petitioner was sentenced to a custodial term of 200 months. ECF No. 30 at 2.

On March 21, 2019, Defendant filed pro se a "Motion for Bond" pursuant to the First Step Act of 2018. ECF No. 84. For the following reasons, Defendant's motion will be denied.

**I.**

Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b) and the method by which the Bureau of Prisons calculates good conduct time credits. 18 U.S.C. § 3624 provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, *subject to determination by the Bureau*

> *of Prisons* that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

18 U.S.C. § 3624(b)(1) (emphasis added). As indicated above, the determination of good conduct lies with the Bureau of Prisons, not a federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Defendant has not demonstrated that he has exhausted his administrative remedies with the BOP regarding its calculation of his good conduct. *See Matthews v. Williams*, 2019 WL 1639776 (N.D. Ohio April 16, 2019).

Furthermore, the Government represents that on August 1, 2019 (after Defendant filed his present motion) the BOP recalculated Defendant's good conduct time credit consistent with the First Step Act, moving his release date from May 3, 2021 to January 13, 2021. ECF No. 87 at PageID.490-91. Defendant has not presented arguments or evidence to dispute this assertion.

**II.**

Defendant also seeks a reduction of his sentence pursuant to the Second Chance Act of 2017, which the First Step Act amended. It provides:

> The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.

34 U.S.C. § 60541(g)(1)(A). "Eligible elderly offenders" was originally defined as an individual "who is not less than 65 years of age" who had served "the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 34 U.S.C. § 60541(g)(5)(A) (2017). However, the First Step Act amended the language. It now applies to those "not less than 60 years

of age" who have "served 2/3 of the term of imprisonment to which the offender sentenced." 34 U.S.C. § 60541(g)(5)(A).

Defendant contends that he qualifies for relief pursuant to these amendments because he is "63 years of age…and has served 2/3ds [sic] plus of his imposed sentence." ECF No. 84 at PageID.478.

However, as explicitly stated in the statute, this determination lies with the Attorney General and the Bureau of Prisons. *See United States v. Curry*, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original). Defendant's sentence will not be reduced on this basis.

**III.**

Accordingly, it is **ORDERED** that Defendant's motion for bond and immediate release, ECF No. 84, is **DENIED**.

Dated: February 12, 2020         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Reginald Smith** #40773-039, BUTNER MEDIUM FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, BUTNER, NC 27509 by first class U.S. mail on February 12, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager